UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK MILLER,

    Petitioner,

 v.

DAN PACHOLKE,

    Respondent.

Case No.  C08-5138BHS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for April 11, 2008

  This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner in this case is an inmate at Airway Heights Correction Center.  Petitioner has filed an application to proceed *in forma pauperis*. (Dkt. # 1)  Because petitioner has paid the $5.00 filing fee and because petitioner's application indicates he has sufficient funds in his prison bank account, the Court should deny the application.

## DISCUSSION

  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* Temple v. Ellerthorpe,

REPORT AND RECOMMENDATION
Page - 1

586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed *in forma pauperis* in the present case, petitioner is asking the government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed with his petition for habeas corpus. Given the minimal fees required to proceed with this action ($5.00 filing fee) and the funds available to the petitioner, it is not unreasonable to deny petitioner's application for *in forma pauperis* status.

## CONCLUSION

Because it is reasonable to expect petitioner, given his financial status, to incur the costs to proceed with his petition, I recommend that the Court deny his application for *in forma pauperis* status. Therefore, I also recommend that the court order petitioner to pay the required filing fee within thirty (30) days of the Court's Order denying his application.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 11th, 2008**, as noted in the caption.

Dated this 18th day of March, 2008.

/s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge