UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK R. MILLER,<br><br>    Petitioner,<br><br>    v.<br><br>DAN PACHOLKE,<br><br>    Respondent. | Case No. C08-5138BHS/JKA<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 19). The Court has considered the Report and Recommendation, Petitioner's objections (Dkt. 20), and the remainder of the file and hereby adopts the Report and Recommendation and overrules the objections for the reasons stated herein.

**I. BACKGROUND AND DISCUSSION**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 5. Petitioner's sole ground for relief is ineffective assistance of counsel. *Id.* at 10. Petitioner contends that he was denied effective assistance of counsel by his trial counsel's failure to call the victim's sister and mother as witnesses. *Id.* at 10-11, 14-15.

Pending before the Court is a Report and Recommendation recommending dismissal of Petitioner's writ of habeas corpus. Dkt. 19. Petitioner objects to the Report and Recommendation on three grounds.

ORDER - 1

1     First, Petitioner contends that he is entitled to an evidentiary hearing. The Court
2 agrees with the Report and Recommendation that there are no factual disputes and that an
3 evidentiary hearing is not warranted.

4     Second, Petitioner reiterates his contention that failure to call the victim's sister as a
5 witness constitutes ineffective assistance of counsel. Dkt. 20 at 2-3. As explained in the
6 Report and Recommendation, Petitioner does not establish that failure to call the victim's
7 sister and mother as witnesses constitutes deficient or unreasonable representation or caused
8 Petitioner prejudice. Dkt. 19 at 5-6.

9     Finally, Petitioner contends that failure to cross examine William Kemp, a witness for
10 the prosecution, constitutes ineffective assistance of counsel. Dkt. 10 at 2. This contention
11 was raised for the first time in Petitioner's reply and is therefore not properly before the
12 Court. *See U.S. v. 191.07 Acres of Land*, 482 F.3d 1132, 1137 n.2 (9th Cir. 2007) (declining
13 to consider arguments and evidence raised for the first time in a reply). Moreover, it appears
14 that this claim is unexhausted and that Petitioner would be procedurally barred from raising
15 the claim in state court at this juncture. In any event, the Court has considered the claim and
16 finds it without merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas
17 corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust
18 the remedies available in the courts of the State.").

19     Petitioner's arguments regarding trial counsel's failure to cross examine Mr. Kemp
20 are brief and unsupported. In his reply, Petitioner contends as follows: "Counsel did not
21 return Mrs. Oremesher's [the victim's mother] calls when she left messages stating she had
22 more information, including the fact that one of the State's witnesses, Mr. Kemp had a
23 restraining order against Ms. Miller [the victim] for making false accusations against him."
24 Dkt. 17 at 6. In his objections, Petitioner reiterates this contention:

> Trial counsel's failure to investigate or interview Sarah Shinners [the victim's sister] which would have led to the prosecuter [sic] of a previous case of false charges brought by Ms. Miller and then would have led to the men she accused falsely, not to mention counsels [sic] failure to question Mr. Kemp, who had a restraining order against Ms. Miller for trying to bring false

ORDER - 2

charges against him. Mr. Kemp being one of the State's witnesses in this case.

Dkt. 20 at 2. Petitioner offers no evidence that Mr. Kemp had a restraining order against the victim or that the victim's mother would have offered admissible testimony as to that fact. In this regard, the Court notes that the affidavit of the victim's mother makes no mention of Mr. Kemp or of any restraining order against the victim. *See* Dkt. 5-2, Exh. 2. The Court therefore finds Petitioner's objections to be without merit and concludes that dismissal of the petition is proper.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 19), Petitioner's objections (Dkt. 20) are **OVERRULED**, and the petition for writ of habeas corpus (Dkt. 5) is **DENIED** .

DATED this 17th day of July, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3